THE PEOPLE, PLAINTIFF AND APPELLEE, v. LEBRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Involuntary Homicide.

No. 917.—Decided March 30, 1916.

INVOLUNTARY HOMICIDE — INSTRUCTIONS — CARELESSNESS OR NEGLIGENCE — DRIVERS.—In this case the jury was charged, in part, as follows: "This crime, gentlemen of the jury, is a modification of section 328 of the Penal Code, wherein an information may be brought against any person driving a vehicle who does so with such carelessness or negligence as to cause the death of another." *Held:* That the information as drawn was good either under section 203 of the Penal Code relating to manslaughter in general, or section 396 as amended, and that the jury could not be misled by these remarks of the court, especially as they were instructed as to what constitutes the elements of the offense and also the character of negligence, and that their inquiry must be with regard to the facts.

ID.—INSTRUCTIONS—CRIMINAL LIABILITY.—The defendant objected to the following instruction: "The *fiscal* in this case has characterized the act as involuntary manslaughter, probably because the death was caused as a conse-

quence of the acts done by the defendant." *Held:* That in the circumstances of the case the court did not assume that the defendant was criminally responsible, but that in stating the theory of the *fiscal* said that the death of the woman was due to the defendant's act in running into her, a fact not disputed at the trial.

ID.—RACING AUTOMOBILES—EVIDENCE—CONCLUSIONS.—Whether two machines are racing or not is a fact in human affairs about which any person of ordinary intelligence can testify without giving the details from which he arrived at his conclusions.

EVIDENCE—CROSS-EXAMINATION—SOURCE OF KNOWLEDGE.—The defendant has a perfect right to cross-examine a witness as to the source of his knowledge, but without such cross-examination the testimony of the witness stands as a statement of fact.

CRIMINAL NEGLIGENCE—RACING.—Going along the highway without due regard to the rights of others by racing or otherwise constitutes criminal negligence.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE—DISCRETION OF COURT.—A motion for a new trial based on newly discovered evidence is not favored, apart from the fact that when the evidence is cumulative the court has discretion as to its admission.

The facts are stated in the opinion.

Messrs. *Francis & Soto* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The errors assigned in this case turn principally on the instructions given to the jury. The prosecution was for involuntary manslaughter and the theory of the Government was that the defendant in charge of an automobile truck while racing with another car ran into a third vehicle standing alongside the road, causing the death of a woman.

The part of the instructions first complained of was as follows: "This crime, gentlemen of the jury, is a modification of section 328 of the Penal Code wherein an information may be brought against any person driving a vehicle who does so with such carelessness or negligence as to cause the death of another."

The information as drawn would be good either under the section relating to manslaughter in general, No. 203, or section 328, as amended, of the Penal Code. These sections are correlated. The jury could not be misled by these introductory remarks of the court, especially as they were instructed as to what constituted the elements of the offense

and also the character of the negligence and also that their inquiry must be with regard to the facts.

The next instruction complained of is, ''The *fiscal* in this case has characterized the act as involuntary manslaughter probably because the death was caused as a consequence of the acts done by the defendant.'' The complaint is that the court assumed in its instructions that the death was caused by the acts of the defendant, which was a matter to be decided by the jury. The court was apparently stating the theory of the *fiscal*. The meaning of the words taken in their ordinary intendment was that the death of the woman was due to defendant's act in running into her, a fact not disputed at the trial. The court did not assume by its instruc tions that the defendant was criminally responsible. The rest of the instructions, besides, deny such a supposition.

The appellant complains of two other instructions as follows:

''That the court erroneously instructed the jury and exceeded its faculties in saying: 'The gentlemen of the jury will remember that all these witnesses testified to the fact that the said two *chauffeurs* were having a race, going in competition, and in attempting to pass each other the collision of the two vehicles occurred. The circumstances relied upon by them as to whether or not there was really a race is difficult to show to the jury. They saw the performance of certain acts while the said vehicles were running in the direction they took and the attempt of one of them to pass the other, but we do not know what circumstances have influenced the minds of said witnesses to testify before the jury that the said two *chauffeurs* were running a race.'

''That the court erroneously instructed the jury and exceeded its faculties in saying: 'It is averred by the testimony of these witnesses that really there was a race, a competition, but none of them clearly testified what were the acts which they witnessed and from which it is inferred that a race was taking place. This is, therefore, the first question to be determined by the jury. The next question to be passed upon by the jury is as to whether a collision really took place and what were the consequences thereof. Many witnesses, probably the most of them, testified to the fact that the collision

occurred because the small vehicle attempted to pass the large one
and found insufficient space and that then the collision happened;
and it appeared from the various questions that were put to nearly
all of the witnesses to establish the fact that the collision took place
at the front part of the automobile; so that it was necessary to change
the large vehicle against the wish of the driver. So that most of
these witnesses agree to the fact that the two automobiles met at
a certain point; that the wheels of the small automobile collided with
the front part of the large one and the steering gear being delicate
and susceptible of being easily managed by a child, the large auto-
mobile took an opposite direction and fatally struck the unfortunate
woman.' ''

The theory of the appellant most insisted upon at the
hearing was that there was no proof that the machines were
racing; that the witnesses merely gave their conclusions;
that none of them testified to the facts from which the con-
clusion that the two machines were racing could be reached
and that hence the court was in error. We agree entirely
with the court below that whether two machines were rac-
ing or not is a fact in human affairs about which any per-
son of sufficient intelligence can testify without giving the
details from which the witness derives his conclusion. It
is a matter of ordinary experience, like a game of base-ball,
the fact of a man being drunk or the fact of a company of
soldiers passing. The defendant has a complete right to
cross-examine the witnesses as to the source of knowledge,
but without such cross-examination the statement of the wit-
ness stands as a statement of fact. Abbott's Trial Brief,
MODE OF PROVING FACTS, "Intoxication," p. 440; "Observa-
tion with Judgment Distinguished from Opinion," p. 508;
Wigmore on Evidence, par. 1977; 17 Cyc. 62 et seq.

With respect to all of these instructions it is to be noted
that no exception was taken to any of them and even if the
court committed any error it was neither fundamental nor
prejudicial. In Porto Rico the act of May 30, 1904, pro-
vides as follows:

"Section 1.—Whenever it appears from the record in any criminal case upon appeal in the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court; *Provided, however,* That the appellate court may take cognizance of fundamental errors appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require."

Thereunder the court has voluntarily reversed some cases where the fundamental rights of the defendant have been disregarded and has always maintained the right to do so (*People* v. *Morales,* 11 P. R. R. 294; *People* v. *Fernández,* 14 P. R. R. 611; *People* v. *Pellot,* 15 P R. R. 423; *People* v. *Crespo,* 21 P. R. R. 285), but generally in the absence of exceptions we have refused to reverse unless prejudice was clearly shown. *People* v. *Rosado,* 17 P. R. R. 435; *People* v. *Ortiz,* 19 P. R. R. 306; *People* v. *Díaz,* 19 P. R. R. 526, and other cases cited therein.

Appellant also maintains that the verdict was contrary to the evidence, but a large part of his argument depends upon the consideration of whether the defendant was racing or not. Numerous witnesses testified to this fact. There was ample proof that defendant was racing and that such racing was one of the proximate causes of the accident.

There is no question that going along the highroad without due regard to the rights of others by racing or otherwise constitutes criminal negligence. *People* v. *Blandford, ante* p. 580; *Johnson* v. *State,* 61 L. R. A. 277, and authorities collected in note on p. 280; 2 R. C. L. 1197.

A motion for new trial in this case was denied which raised the foregoing grounds and others. One of these grounds was newly discovered evidence. Apart from the fact that the evidence was cumulative and the court had a discretion in the matter, we do not think that there was a sufficient showing that the defendant could not have discovered the new evidence by the exercise of reasonable dili-

gence. Motions for new trials based on newly discovered evidence are not favored.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.